EXHIBIT A

JEFFREY S. BENICE, ESQ. (SBN 81583)
BENICE LAW
*A Professional Law Corporation*
3080 Bristol Street
Sixth Floor, Suite 630
Costa Mesa, CA 92626
Telephone: (714) 641-3600
Facsimile: (714) 641-3604
Website: www.JeffreyBenice.com
E-mail: jsb@jeffreybenice.com

Attorney for Plaintiff,
Tim Cross LLC

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| TIM CROSS, LLC, a Florida limited liability company registered as foreign California LLC, <br><br> Plaintiff, <br><br> v. <br><br> ASSOCIATED ADJUSTERS NETWORK, INC. aka AAN, a Tennessee corporation; and DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO. 30-2023-01343555-CU-BC-CJC <br><br> **COMPLAINT FOR:** <br><br> **1. FRAUDULENT MISREPRESENTATION;** <br><br> **2. FRAUDULENT CONCEALMENT;** <br><br> **3. VIOLATION OF PENAL CODE §496(C); AND** <br><br> **4. BREACH OF CONTRACT.** <br><br> Assigned for All Purposes <br><br> Judge Martha K. Gooding |

1
COMPLAINT

Plaintiff Tim Cross, LLC, a Florida limited liability company registered as foreign California LLC, (*"Plaintiff Cross"*) alleges against Defendant Associated Adjusters Network, Inc., aka AAN, a Tennessee corporation (*"Defendant AAN"*); DOES 1 through 20, and each of them, as follows:

**1.**

## SUMMARY OF ACTION

1.     In September 2017 Plaintiff Cross began working as an Independent Adjuster ("IA") at Defendant AAN. Plaintiff entered into an *"Adjuster Agreement and Acknowledgement"* (the *"Adjuster Agreement"*) with Defendant AAN.  Plaintiff's principal, Tim Cross, attended training at Defendant AAN's location in Knoxville, TN to become an Emergency Catastrophe Adjuster for Hurricane Irma. [Attached hereto as Exhibit "A" and incorporated by reference is a true and correct copy of the December 30, 2019 Agreement.]

2.     An IA is a 1099 Contractor that receives claims from insurance companies (*"Carriers"*) through *"middlemen"* known as adjusting firms (*"Firms"*). Firms numerous IA's signed up on their rosters. The Carriers send claims to the Firms, who then assign the claims to the IA's. Defendant AAN is a Firm. The Carrier has an agreed upon *"fee schedule"* that dictates how much they will pay the Firm for the work (the estimate and supporting documents). The Fee Schedule is generally either a *"Flat Fee"* or a *"Tiered Fee"*. A flat fee is one fee, no matter how much the estimated damage is. A Tiered fee is a sliding scale fee that increases the dollar amount as the price of the estimate increases. For example: \$0-2,500= \$300; \$2,500-5,000= \$450; \$5,000-10,000=\$650. The Carrier pays the Firm directly. The Firm generally has a price split agreement with the IA that is based on percentage. Most agreements are 60/40, 65/35, and 70/30, with the larger number going to the IA and the Firm keeping the lower number for their portion.

3.     During the training with Defendant AAN, Defendant AAN represented to Plaintiff that (1) AAN utilized a 60/40 split; (2) Plaintiff would be deployed to Florida for the Hurricane Irma; and (3) Plaintiff would be compensated 50% of its fee until Plaintiff became proficient with the estimating software and no longer need a *"writer"* to complete its estimates. Pursuant to the Agreement's Section *"New Adjusters,"* *"New adjusters are typically paid at a lower percentage to compensate the trainer/mentor."* **Defendant AAN provided Plaintiff with the fee schedules that already had the math**

1    *calculated, so Plaintiff would know what its payment would be without having to do the 60/40 split*
2    *calculations.* Within 2 weeks, Plaintiff became proficient without the need for a trainer/mentor.

3        4.    In October 2017, the deployment ended and Plaintiff returned home to Tennessee. A few
4    weeks later, Plaintiff received a call from Defendant AAN asking if Plaintiff was available to deploy to
5    Chicago for a hailstorm. Plaintiff accepted and spent 2 weeks there and then 6 more weeks in Boston
6    before returning to Tennessee. From the Chicago deployment to date, Plaintiff has completed thousands
7    of claims without a provided writer or assistance from Defendant AAN.

8        5.    Plaintiff is currently residing in California and receiving claims from multiple firms.
9    Plaintiff discovered in or about 2023, when it began working with additional Firms, that *Defendant*
10   *AAN was the only firm that modified the fee schedule documents from the carrier before passing*
11   *them on to the IA.* Other firms provide the carrier's fee schedule to the IA, and the IA does its own math
12   to calculate the IA's portion of the fee.

13       6.    On May 31, 2023 a fellow adjuster sent Plaintiff a text message informing Plaintiff that
14   Insurance Carrier American Family had released a new fee schedule and forwarded Plaintiff a copy.
15   [Attached hereto as Exhibit "B" and incorporated by reference is a true and correct copy of the
16   American Family Daily National Fee Schedule.] That same day Plaintiff also received the new fee
17   schedule directly from Defendant AAN. [Attached hereto as Exhibit "C" and incorporated by reference
18   is a true and correct copy of the Defendant AAN's Daily National Fee Schedule.]

19       7.    Upon comparison of the two fee schedules, Plaintiff discovered that AAN had removed
20   the fee for cancelled claims. Plaintiff performed the math based upon the new fee schedule and
21   discovered that Defendant AAN's fee schedule was fraudulently misrepresented to Plaintiff and not a
22   true 60/40 split. Each tier had an additional concealed $52.50 taken from the fee for each transaction
23   without Plaintiff's consent or knowledge.

24       8.    Plaintiff estimates that Defendant AAN has misappropriated its funds due to Plaintiff in
25   an amount of no less than $250,000 during the period 2017 to 2023. Plaintiff accordingly seeks general
26   and special damages according to proof but believed to exceed $250,000; prejudgment interest; punitive
27   damages and costs.

28

3
COMPLAINT

**2.**

**GENERAL ALLEGATIONS**

*A.     Parties.*

9.     Plaintiff is, and at all times herein alleged, a California limited liability company, organized and existing under the laws of the State of California, with its principal place of business in Orange County, California.

10.     Defendant AAN is, and at all times herein alleged, a Tennessee corporation authorized to do business in the County of Orange, State of California.

*B.     Defendants' Agency and Conspiracy.*

11.     Plaintiff is informed and believes that at all times alleged herein each of the Defendants was the agent, principal, co-conspirator, affiliate, representative, aider and abettor and/or partner of each of the remaining defendants and, in doing the acts hereinafter alleged, were acting within the scope of such relationship and with the permission, consent and/or ratification of his or its co-defendants.

12.     To the extent any individual defendant is and was conducting business through a corporation, partnership, limited liability company, or other entity, such individual defendant remains personally liable for any and all fraudulent and wrongful conduct carried on through the use of the entity, to further any unlawful acts.

13.     Each Defendant is jointly and severally responsible for the occurrences herein alleged and that Plaintiff's damages herein alleged were directly proximately caused by the aforementioned Defendants.

**4.**

**FIRST CAUSE OF ACTION**

**[Fraudulent Misrepresentation Against Defendant]**

14.     Plaintiff realleges paragraphs 1 through 13, inclusive.

15.     Defendant AAN expressly represented to Plaintiff that Defendant AAN compensated its IA's with a 60/40 split. In fact, and unknown to Plaintiff, at the time said Defendant made such representations to Plaintiff, Defendant was secretly taking without Plaintiff's consent a $52.50 concealed fee from each transaction. Defendant actually knew that the representations were materially false.

1   Rather, Defendant made such false representations *inter alia* solely to induce Plaintiff to enter into the
2   Adjuster Agreement. Defendant knew that absent such false representations. Plaintiff would not have
3   entered into the Adjuster Agreement if Plaintiff had known of the fraudulent concealment.

4       16.    Plaintiff was unaware of Defendants' wrongful intention and false representations and
5   reasonably relied upon their promises and representations. Plaintiff did not discover Defendants' fraud
6   until 2023.

7       17.    As a proximate result of Defendants' false representations Plaintiff has accordingly
8   suffered general and special damages in an amount to be proved at trial, but believed to be in excess of
9   $250,000. Plaintiff is further entitled to prejudgment interest on all sums awarded, according to proof at
10  trial.

11      18.    The aforementioned conduct of Defendants, and each of them, was fraudulent,
12  willful, malicious and oppressive. Defendants' conduct was carried out with the intention of
13  damaging Plaintiff; and misappropriating Plaintiff funds. Defendants' conscious disregard of Plaintiff
14  rights justifies an award of punitive damages in a sum to be awarded in the discretion of the jury.

15                          **SECOND CAUSE OF ACTION**
16                      **[Fraudulent Concealment Against Defendant]**
17      19.    Plaintiff realleges paragraphs 1 through 18, inclusive.

18      20.    Defendant intentionally failed to disclose to Plaintiff that it was taking a $52.50
19  concealed fee from the represented 60/40 fee split; a fact only known only to Defendant AAN and that
20  Plaintiff could not have reasonably discovered.

21      21.    Pursuant to the terms of the Agreement, Defendants had an absolute duty to provide
22  precise and accurate information to Plaintiff. Defendants patently violated that duty by fraudulently
23  concealing the $52.50 fee from Plaintiff for the purpose of inducing Plaintiff to enter into the Adjuster's
24  Agreement. If Plaintiff had known the true facts of Defendants' concealment it would never have
25  entered into the Adjuster's Agreement. Plaintiff only discovered these facts in 2023.

26      22.    As a consequence of Defendants" fraudulent concealment, Plaintiff is entitled to general
27  and special damages according to proof at trial but believed to exceed $250,000. Plaintiff is further
28  entitled to prejudgment interest on all sums awarded.

23. Defendants' conduct is malicious, fraudulent and oppressive, carried out with the wrongful intention of inflicting serious financial damage upon Plaintiff. As a consequence of Defendants' wrongful conduct, Plaintiff is entitled to an award of punitive damages within the discretion of the jury.

## THIRD CAUSE OF ACTION

### [Violation of Penal Code §496(c)]

24. Plaintiff realleges paragraphs 1 through 23, inclusive.

25. Penal Code § 496 (c) provides that a Plaintiff whose property is stolen can bring a civil suit for damages against the party who misappropriated Plaintiff's property. Plaintiff can receive up to three times the amount of the funds misappropriated (or the actual market value of the property stolen), the costs of bringing suit; and reasonable attorney's fees. Defendants' wrongful conduct alleged herein constitutes theft; Defendant AAN concealed and misappropriated approximately $250,000 in concealed unauthorized "*fees*." The funds were wrongfully diverted and misused by Defendant AAN. Plaintiffs are accordingly entitled to no less than $250,000 in damages trebled; attorneys' fees; and prejudgment interest pursuant to § 496(c).

## FOURTH CAUSE OF ACTION

### [Breach of Contract Against Defendant]

26. Plaintiffs reallege paragraphs 1 through 24, inclusive.

27. Plaintiff has performed all obligations to be performed under the Adjuster's Agreement with Defendant, except to the extent such obligations have been excused as a result of Defendant's prior material breach and/or anticipatory breach.

28. By reason of the refusal by Defendant to perform pursuant to the terms of the Adjuster's Agreement, Defendant has materially breached the Agreement.

29. As a proximate cause of the Defendant's breach of contract, Plaintiff has been damaged in an amount believed to be in excess of $250,000 according to proof at trial. Plaintiff is further entitled to prejudgment interest on all sums awarded.

1

**5.**

2

**PRAYER**

3       WHEREFORE, Plaintiff individually and on derivative Defendant BCP's benefit prays for relief

4   as hereinafter set forth.

5       1.   For general and special damages in a sum to be proved at trial, but believed to exceed

6           $250,000;

7       2.   For prejudgment interest;

8       3.   For punitive damages;

9       4.   For reasonable attorneys' fees;

10      5.   For costs of suit herein incurred; and

11      6.   For such other and further relief as the court may deem proper.

12

13

14                                      BENICE LAW, APLC

15

16   DATED: August 14, 2023              By: _____

17                                          Jeffrey S. Benice
                                            Attorney for Plaintiff
18                                          Tim Cross, LLC

19

20

21

22

23

24

25

26

27

28