Jeffrey M. Byer, Bar No. 149332
jbyer@sllbv.com
**SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP**
402 West Broadway, Suite 1700
San Diego, CA 92101-3542
Telephone: (619) 992-4777

Attorneys for Defendant Associated Adjusters Network, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TIM CROSS, LLC, a Florida limited liability company registered as foreign California LLC,<br><br>　　　　Plaintiff,<br>v.<br><br>ASSOCIATED ADJUSTERS NETWORK, INC. aka AAN, a Tennessee corporation; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants | Case No. 8:23-CV-01806-JVS-ADS<br><br>DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT<br><br>Judge: Hon. James V. Selna |

Defendant Associated Adjusters Network, Inc. ("Defendant") answers and responds to the Second Amended Complaint ("SAC") filed by plaintiff Tim Cross, LLC ("Plaintiff") as follows:

1.　Defendant admits Plaintiff began working as an adjuster with Defendant in 2017, and that Plaintiff entered into the "Adjuster Agreement" attached as Exhibit A to the SAC. Except as otherwise admitted herein, Defendant lacks sufficient information to form a belief regarding the truth or falsity of the remaining allegations in paragraph 1 of the SAC, and on that basis denies the remaining allegations contained therein.

1

2.	Defendant objects and alleges that the referenced documents speak for themselves.

3.	Defendant admits that it assigns adjusters to claims received from insurance carriers.  Except as otherwise admitted herein, Defendant lacks sufficient information to form a belief regarding the truth or falsity of the remaining allegations in paragraph 3 of the SAC, and on that basis denies the remaining allegations contained therein.

4.	Defendant objects and alleges that "fee schedules" of insurance carriers speak for themselves.  Defendant admits that fees can be paid hourly or paid based on flat or tiered fee schedules.  Except as otherwise alleged or admitted herein, Defendant lacks sufficient information to form a belief regarding the truth or falsity of the remaining allegations in paragraph 4 of the SAC, and on that basis denies the remaining allegations contained therein.

5.	Defendant admits that it informed Plaintiff, and Plaintiff understood, that the fees paid to Plaintiff would be posted in Defendant's File Management System. Defendant denies that it represented to Plaintiff that it would receive a "60/40 split" on all assignments, and denies that administrative fees would only be assessed on hourly work.  Defendant objects and alleges that the Adjuster Agreements between Plaintiff and Defendant speak for themselves.  Except as otherwise admitted, denied or alleged herein, Defendant lacks sufficient information to form a belief regarding the truth or falsity of the remaining allegations in paragraph 5 of the SAC, and on that basis denies the remaining allegations contained therein.

6.	Defendant denies that persons at Defendant told Plaintiff that it was receiving 60% of the total fee paid by insurance carriers on flat and tiered fee work, without deduction.  Except as otherwise denied herein, Defendant lacks sufficient information to form a belief regarding the truth or falsity of the remaining allegations in paragraph 6 of the SAC, and on that basis denies the remaining allegations contained therein.

7. Defendant denies that it "modified" fee schedules in order to conceal from Plaintiff that it was not receiving a 60/40 percentage split. Defendant objects and alleges that the referenced fee schedules speak for themselves, as does the calculation of what Plaintiff was paid. Except as otherwise denied or alleged herein, Defendant lacks sufficient information to form a belief regarding the truth or falsity of the remaining allegations in paragraph 7 of the SAC, and on that basis denies the remaining allegations contained therein.

8. Defendant objects and alleges that the referenced fee schedule speaks for itself. Defendant denies that it "modified" the referenced fee schedule. Except as otherwise alleged or denied herein, Defendant lacks sufficient information to form a belief regarding the truth or falsity of the remaining allegations in paragraph 8 of the SAC, and on that basis denies the remaining allegations contained therein.

9. Defendant objects and alleges that the referenced fee schedules speak for themselves, as does the calculation of what Plaintiff was paid. Defendant denies that it "concealed" any information from Plaintiff, and denies that persons at Defendant told Plaintiff that it was receiving 60% of the total fee paid by insurance carriers, without deduction. Except as otherwise alleged or denied herein, Defendant lacks sufficient information to form a belief regarding the truth or falsity of the remaining allegations in paragraph 9 of the SAC, and on that basis denies the remaining allegations contained therein.

10. Defendant denies the allegations in paragraph 10 of the SAC.

11. Defendant does not have sufficient information to form a belief regarding the truth or falsity of the allegations in paragraph 11 of the SAC, and on that basis denies the allegations contained therein.

12. Defendant admits the allegations in paragraph 12 of the SAC.

13. Defendant does not have sufficient information to form a belief regarding the truth or falsity of the allegations in paragraph 13 of the SAC, and on that basis denies the allegations contained therein.

14. Defendant does not have sufficient information to form a belief regarding the truth or falsity of the allegations in paragraph 14 of the SAC, and on that basis denies the allegations contained therein.

15. Defendant does not have sufficient information to form a belief regarding the truth or falsity of the allegations in paragraph 15 of the SAC, and on that basis denies the allegations contained therein.

## FIRST CAUSE OF ACTION

### [Fraudulent Misrepresentation Against Defendant]

16. Defendant restates and realleges its response to paragraph 1 through 15, inclusive, of the SAC.

17. Defendant denies the allegations in paragraph 17 of the SAC.

18. Defendant denies the allegations in paragraph 18 of the SAC.

19. Defendant denies the allegations in paragraph 19 of the SAC.

20. Defendant denies the allegations in paragraph 20 of the SAC.

## SECOND CAUSE OF ACTION

### [Fraudulent Concealment Against Defendant]

21. Defendant restates and realleges its response to paragraph 1 through 20, inclusive, of the SAC.

22. Defendant denies the allegations in paragraph 22 of the SAC.

23. Defendant objects and alleges that the Adjuster Agreement speaks for itself, and that Defendant's duty is a legal question which Defendant is not required to admit or deny. Defendant denies the remaining allegations in paragraph 23 of the SAC.

24. Defendant denies the allegations in paragraph 24 of the SAC.

25. Defendant denies the allegations in paragraph 25 of the SAC.

///
///
///

## THIRD CAUSE OF ACTION

### [Breach of Contract Against Defendant]

26. As the Court has ordered this claim dismissed, Defendant need not respond to paragraphs 26 to 29 of the SAC.

## PRAYER

Defendant denies each and every claim for relief included in the Prayer.

## AFFIRMATIVE DEFENSES

AS AND FOR SEPARATE AFFIRMATIVE DEFENSES TO THE SAC AND TO THE ALLEGED CLAIMS THEREIN, DEFENDANT ALLEGES ON INFORMATION AND BELIEF:

## FIRST AFFIRMATIVE DEFENSE

(Statute of Limitations – Code of Civil Procedure § 338)

Plaintiff's claims are barred by the three-year statute of limitations set forth in California Civil Procedure section 338(d), and section 339(1) and (3).

## SECOND AFFIRMATIVE DEFENSE

(Damages Caused by Plaintiffs and/or Third Parties)

The damages, if any, suffered by Plaintiff was proximately caused in whole or in part by Plaintiff and/or third parties and not by any action or inaction of Defendant.

## THIRD AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiff's claims against Defendant are barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

(Waiver)

Plaintiff's claims against Defendant are barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

(Laches)

Plaintiff's claims against Defendant are barred by reason of laches.

///

## SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiff's claims against Defendant are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiff has failed to take proper action to reduce or mitigate its alleged damages with regard to its claims against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

(Apportionment of Fault)

While denying any liability to Plaintiff or any other party, by reason of anything alleged in the SAC, in the event judgment is entered against Defendant in this action, Defendant is entitled to have that liability or judgment apportioned among itself, Plaintiff and any third parties in accordance with each party's fault as determined at trial.

## NINTH AFFIRMATIVE DEFENSE

(Justification and Privilege)

Defendant's alleged wrongful actions were justified and privileged.

## TENTH AFFIRMATIVE DEFENSE

(Lack of Justifiable Reliance)

To the extent that Plaintiff seeks damages based on its reliance of the expected value of its agreement with Defendant, such reliance was not justified.

## ELEVENTH AFFIRMATIVE DEFENSE

(Attorney's Fees)

Plaintiff has no right to attorney's fees herein. However, in the event it is determined that some basis exists for an award of attorneys' fees, Defendant is entitled to such an award.

///

**TWELFTH AFFIRMATIVE DEFENSE**

(Reservation of Additional Defenses)

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. Defendant, therefore, reserves the right to assert additional affirmative defenses in the event additional investigation and/or discovery indicates it would be appropriate.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by its SAC against Defendant;

2. For costs of suit herein, including reasonable attorneys' fees; and

3. For such other costs and further relief as the court may deem just and proper.

Dated: February 13, 2024        __/s/  Jeffrey M. Byer_____
SANDLER, LASRY, LAUBE,
BYER & VALDEZ LLP
402 West Broadway, Ste. 1700
San Diego, CA 92101
Telephone:  619-992-4777
Email: jbyer@sllbv.com

**Attorneys for Defendant Associated Adjusters Network, Inc.**